1   TRACY L. WILKISON
    United States Attorney
2   SCOTT M. GARRINGER
    Assistant United States Attorney
3   Chief, Criminal Division
    LYNDSI ALLSOP (Cal. Bar No. 323485)
4   DAVID Y. PI (Cal. Bar No. 337432)
    Assistant United States Attorneys
5   General Crimes Section
        1200 United States Courthouse
6       312 North Spring Street
        Los Angeles, California 90012
7       Telephone:  (213) 894-3165
                    (213) 894-3659
8       Facsimile:  (213) 894-0141
        E-mail:   Lyndsi.Allsop@usdoj.gov
9                 David.Pi@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
11

12                  UNITED STATES DISTRICT COURT

13              FOR THE CENTRAL DISTRICT OF CALIFORNIA

14  UNITED STATES OF AMERICA,          No. 5:21-cr-00034(A)-JGB

15          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       ERIC SKYS (aka "ERIC A.
16          v.                         FITZGERALD")

17  ERIC SKYS
      aka "Eric A. Fitzgerald,"
18
            Defendant.
19

20       1.   This constitutes the plea agreement between ERIC SKYS (aka

21  "Eric A. Fitzgerald") ("defendant") and the United States Attorney's

22  Office for the Central District of California (the "USAO") in the

23  above-captioned case.  This agreement is limited to the USAO and

24  cannot bind any other federal, state, local, or foreign prosecuting,

25  enforcement, administrative, or regulatory authorities.

26                      DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28          a.   At the earliest opportunity requested by the USAO and

                                    LMB
                                    05/10/2022

1  provided by the Court, appear and plead guilty to count four of the
2  superseding indictment in United States v. Skys,
3  CR No. 5:21-00034(A)-JGB, which charges defendant with being a felon
4  in possession of firearms and ammunition in violation of 18 U.S.C.
5  § 922(g)(1).

6         b.   Not contest facts agreed to in this agreement.

7         c.   Abide by all agreements regarding sentencing contained
8  in this agreement.

9         d.   Appear for all court appearances, surrender as ordered
10  for service of sentence, obey all conditions of any bond, and obey
11  any other ongoing court order in this matter.

12         e.   Not commit any crime; however, offenses that would be
13  excluded for sentencing purposes under United States Sentencing
14  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
15  within the scope of this agreement.

16         f.   Be truthful at all times with the United States
17  Probation and Pretrial Services Office and the Court.

18         g.   Pay the applicable special assessments at or before
19  the time of sentencing unless defendant has demonstrated a lack of
20  ability to pay such assessments.

21    3.   Defendant further agrees:

22         a.   To forfeit all right, title, and interest in and to
23  any and all monies, properties, and/or assets of any kind, derived
24  from or acquired as a result of, or used to facilitate the commission
25  of, or involved in the illegal activity to which defendant is
26  pleading guilty, specifically including, but not limited to, the
27  following: (1) a Springfield, model XD-40, .40 caliber pistol,
28  bearing serial number HD103176; (2) a Ruger, model SP101, .357

caliber revolver, bearing serial number 573-70948; (3) 25 rounds of Hornady .38 Special caliber ammunition; (4) 20 rounds of Federal Cartridge Company .38 Special caliber ammunition; (5) 50 rounds of Winchester .40 Smith and Wesson caliber ammunition; (6) 208 rounds of Federal Cartridge Company .40 Smith and Wesson caliber ammunition; (7) 50 rounds of Speer .40 Smith and Wesson caliber ammunition; (8) 20 rounds of Precision Made Cartridges .223 Remington caliber ammunition; (9) a Glock, model 22, .40 caliber pistol, bearing serial number FHG939; (10) a Kal-Tec CNC Industries, Inc., model KSG, 12-guage shotgun, bearing serial number XXTL70; (11) a Juggernaut Tactical Inc., model JTE-15, 5.56x45mm/.223 caliber rifle, bearing serial number 16607; (12) 37 rounds of Poongsan Metal Manufacturing Company .223 caliber ammunition; (13) 50 rounds of Wolf .223 caliber ammunition; (14) 18 rounds of Western CC 5.66mm ammunition; (15) 10 rounds of Hornady .40 caliber ammunition; (16) 37 rounds of Rio 12-gauge shotgun ammunition; (17) 8 rounds of Fiocchi 12-gauage buck shot ammunition; (18) 17 round of Federal Cartridge Company .40 caliber ammunition; (19) 4 rounds of Federal Cartridge Company 12-gauge buck shot ammunition; (20) 20 rounds of Winchester .40 caliber ammunition; (21) and 19 rounds of Winchester 12-gauge shotgun ammunition (collectively, the "Forfeitable Assets").

  b.    To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

  c.    To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the

3

transfer of title to the United States.

       d.   Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets.  If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

       e.   Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

       f.   Not to claim that reasonable cause to seize the Forfeitable Assets was lacking.

       g.   To prevent the transfer, sale, destruction, or loss of any and all assets described above to the extent defendant has the ability to do so.

       h.   To fill out and deliver to the USAO a completed financial statement listing defendant's assets on a form provided by the USAO.

       i.   That forfeiture of Forfeitable Assets shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose.

THE USAO'S OBLIGATIONS

    4.   The USAO agrees to:

       a.   Not contest facts agreed to in this agreement.

       b.   Abide by all agreements regarding sentencing contained in this agreement.

       c.   At the time of sentencing, move to dismiss the

4

remaining counts of the superseding indictment, as well as the underlying indictment, as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

d.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e.    Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 13 or higher, and provided that the Court does not depart downward in offense level or criminal history category.

NATURE OF THE OFFENSE

5.    Defendant understands that for defendant to be guilty of the crime charged in count four, that is, being a felon in possession of firearms and ammunition, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed firearms and ammunition; (2) the firearms and ammunition had been transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearms and ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

5

and (4) at the time defendant possessed the firearms and ammunition, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 10 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    The Court will also order forfeiture of the property listed in counts one, two, and four of the superseding indictment pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c).

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

9.    Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or

ammunition.   Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.   Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

10.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.   Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.   Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.   Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

11.   Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.   Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of

guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 13 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning on February 9, 2020, and continuing through March 12,
2020, defendant, a convicted felon, knowingly possessed a firearm,
namely, a Springfield, model XD-40, .40 caliber pistol, bearing
serial number HD103176 (the "Springfield Pistol"), in Orange County
and Riverside County, within the Central District of California.  The
firearm, which was recovered by law enforcement at defendant's Sun
City, California residence, within the Central District of
California, on March 12, 2020, was manufactured by Springfield Armory
in Croatia, so the firearm had been transported in foreign commerce,
that is, it had been transported between a foreign nation and the
United States.

In addition, on March 12, 2020, defendant knowingly possessed
the following firearms and ammunition at his residence in Sun City,
California, in Riverside County, within the Central District of
California: (1) a Ruger, model SP101, .357 caliber revolver, bearing
serial number 573-70948 (manufactured in New Hampshire); (2) 25
rounds of Hornady .38 Special caliber ammunition (manufactured in
Nebraska); (3) 20 rounds of Federal Cartridge Company .38 Special
caliber ammunition (manufactured in Minnesota); (4) 50 rounds of
Winchester .40 Smith and Wesson caliber ammunition (manufactured in
Illinois or Mississippi); (5) 208 rounds of Federal Cartridge Company
.40 Smith and Wesson caliber ammunition (110 rounds of which were
manufactured in Minnesota, and 98 rounds of which were manufactured

1  in Idaho); (6) 50 rounds of Speer .40 Smith and Wesson caliber
2  ammunition (manufactured in Idaho); and (7) 20 rounds of Precision
3  Made Cartridges .223 Remington caliber ammunition (manufactured in
4  South Korea).  The firearm and 373 rounds of ammunition, which were
5  recovered by law enforcement at defendant's residence, in Sun City,
6  California, on March 12, 2020, were shipped or transported in
7  interstate commerce or between a foreign nation and the United States
8  based on their location of manufacture and subsequent recovery in
9  California.

10      Approximately one year later, on March 3, 2021, at his residence
11  in Lake Elsinore, California, in Riverside County, within the Central
12  District of California, defendant knowingly possessed: (1) a Glock,
13  model 22, .40 caliber pistol, bearing serial number FHG939
14  (manufactured in Austria or the State of Georgia); (2) a Kal-Tec CNC
15  Industries, Inc., model KSG, 12-guage shotgun, bearing serial number
16  XXTL70 (manufactured in Florida); (3) a Juggernaut Tactical Inc.,
17  model JTE-15, 5.56x45mm/.223 caliber rifle, bearing serial number
18  16607 (manufactured in Florida or the State of Georgia); (4) 37
19  rounds of Poongsan Metal Manufacturing Company .223 caliber
20  ammunition (manufactured in South Korea); (5) 50 rounds of Wolf .223
21  caliber ammunition (manufactured in Russian or another international
22  location); (6) 18 rounds of Western CC 5.66mm ammunition
23  (manufactured in Illinois); (7) 10 rounds of Hornady .40 caliber
24  ammunition (manufactured in Nebraska); (8) 37 rounds of Rio 12-gauge
25  shotgun ammunition (manufactured in Texas); (9) 8 rounds of Fiocchi
26  12-gauage buck shot ammunition (manufactured in Italy); (10) 17 round
27  of Federal Cartridge Company .40 caliber ammunition (manufactured in
28  Minnesota, Idaho, or Missouri); (11) 4 rounds of Federal Cartridge

9

Company 12-gauge buck shot ammunition (manufactured in Minnesota, Idaho, or Missouri); (12) 20 rounds of Winchester .40 caliber ammunition (manufactured in Mississippi, Illinois, or internationally); (13) and 19 rounds of Winchester 12-gauge shotgun ammunition (manufactured in Mississippi, Illinois, or internationally).  The three firearms and 220 rounds of ammunition, which were recovered by law enforcement at defendant's residence in Lake Elsinore, California, on or about March 3, 2021, were shipped or transported in interstate commerce or between a foreign nation and the United States based on their location of manufacture and subsequent recovery in California.

At the time defendant possessed the firearms and ammunition listed above, he had been convicted, and knew that he had been convicted, of the following felony crimes, each punishable by imprisonment for a term exceeding one year:

    a.  Securities Fraud, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, in the United States District Court for the Southern District of New York, case number 08-CR-00688-WHP, on or about September 7, 2012;

    b.  Wire Fraud, in violation of Title 18, United States Code, Sections 1343 and 2, in the United States District Court for the Southern District of New York, case number 08-CR-00688-WHP, on or about September 7, 2012; and

    c.  Bank Fraud, in violation of Title 18, United States Code, Sections 1344 and 2, in the United States District Court for the Southern District of New York, case number 08-CR-00688-WHP, on or about September 7, 2012.

SENTENCING FACTORS

12.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

13.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 14 | U.S.S.G. § 2K2.1(a)(4) |
|---|---|---|
| Offense involved three or more firearms: | +2 | U.S.S.G. § 2K2.1(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  The base offense level set forth above is based on information currently known to the government regarding defendant's criminal history.  Defendant understands and agrees that defendant's base offense level could be increased if defendant is an armed career criminal under U.S.S.G. §§ 4B1.4 and 18 U.S.C. § 924(e), or if defendant has additional prior convictions for either a crime of violence or a controlled substance offense under U.S.S.G. § 2K2.1.  If defendant's base offense level is

11

1  so altered, defendant and the USAO will not be bound by the base
2  offense level agreed to above.

3      14.   Defendant understands that there is no agreement as to
4  defendant's criminal history or criminal history category.

5      15.   Defendant and the USAO reserve the right to argue for a
6  sentence outside the sentencing range established by the Sentencing
7  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
8  (a)(2), (a)(3), (a)(6), and (a)(7).

9                  WAIVER OF CONSTITUTIONAL RIGHTS

10     16.   Defendant understands that by pleading guilty, defendant
11 gives up the following rights:

12          a.   The right to persist in a plea of not guilty.

13          b.   The right to a speedy and public trial by jury.

14          c.   The right to be represented by counsel -- and if
15 necessary have the Court appoint counsel -- at trial.   Defendant
16 understands, however, that, defendant retains the right to be
17 represented by counsel -- and if necessary have the Court appoint
18 counsel -- at every other stage of the proceeding.

19          d.   The right to be presumed innocent and to have the
20 burden of proof placed on the government to prove defendant guilty
21 beyond a reasonable doubt.

22          e.   The right to confront and cross-examine witnesses
23 against defendant.

24          f.   The right to testify and to present evidence in
25 opposition to the charges, including the right to compel the
26 attendance of witnesses to testify.

27          g.   The right not to be compelled to testify, and, if
28 defendant chose not to testify or present evidence, to have that

                              12

choice not be used against defendant.

      h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF APPEAL OF CONVICTION

17.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE
### AND COLLATERAL ATTACK

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment within or below the range corresponding to an offense level of 13 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of

probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.    Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.    The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the rang corresponding to an offense level of 13 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

21.    Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

14

obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

22.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

## EFFECTIVE DATE OF AGREEMENT

23.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.

15

1 If the USAO declares this agreement breached, and the Court finds
2 such a breach to have occurred, then: (a) if defendant has previously
3 entered a guilty plea pursuant to this agreement, defendant will not
4 be able to withdraw the guilty plea, and (b) the USAO will be
5 relieved of all its obligations under this agreement.

6     25.   Following the Court's finding of a knowing breach of this
7 agreement by defendant, should the USAO choose to pursue any charge
8 that was either dismissed or not filed as a result of this agreement,
9 then:

10        a.   Defendant agrees that any applicable statute of
11 limitations is tolled between the date of defendant's signing of this
12 agreement and the filing commencing any such action.

13        b.   Defendant waives and gives up all defenses based on
14 the statute of limitations, any claim of pre-indictment delay, or any
15 speedy trial claim with respect to any such action, except to the
16 extent that such defenses existed as of the date of defendant's
17 signing this agreement.

18        c.   Defendant agrees that: (i) any statements made by
19 defendant, under oath, at the guilty plea hearing (if such a hearing
20 occurred prior to the breach); (ii) the agreed to factual basis
21 statement in this agreement; and (iii) any evidence derived from such
22 statements, shall be admissible against defendant in any such action
23 against defendant, and defendant waives and gives up any claim under
24 the United States Constitution, any statute, Rule 410 of the Federal
25 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
26 Procedure, or any other federal rule, that the statements or any
27 evidence derived from the statements should be suppressed or are
28 inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

26.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

27.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 13 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to

17

1   fulfill all defendant's obligations under this agreement.  Defendant
2   understands that no one -- not the prosecutor, defendant's attorney,
3   or the Court -- can make a binding prediction or promise regarding
4   the sentence defendant will receive, except that it will be within
5   the statutory maximum.

6                         NO ADDITIONAL AGREEMENTS

7        29.   Defendant understands that, except as set forth herein,
8   there are no promises, understandings, or agreements between the USAO
9   and defendant or defendant's attorney, and that no additional
10  promise, understanding, or agreement may be entered into unless in a
11  writing signed by all parties or on the record in court.
12  //
13  //
14  //
15  //
16  //
17  //
18  //
19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1            <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2      30.  The parties agree that this agreement will be considered

3  part of the record of defendant's guilty plea hearing as if the

4  entire agreement had been read into the record of the proceeding.

5  AGREED AND ACCEPTED

6  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF
7  CALIFORNIA

8  TRACY L. WILKISON
   United States Attorney

9

10  _____          5-17-2022
   LYNDSI ALLSOP                          _____
11  DAVID Y. PI                              Date
   Assistant United States Attorneys

12                          5-16-22

13  _____          _____
   ERIC SKYS                              Date
14  (aka "ERIC A. FITZGERALD")
   Defendant

15                          5/16/00
   _____          _____
   DARREN M. RICHIE                       Date
16  GRETCHEN GASPARI
   Attorneys for Defendant ERIC SKYS
17  (aka "ERIC A. FITGERALD")

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

5-16-22
Date

ERIC SKYS
(aka "ERIC A. FITZGERALD")
Defendant

20

1

### CERTIFICATION OF DEFENDANT'S ATTORNEY

2        I am ERIC SKYS's (aka "ERIC A. FITZGERALD") attorney.  I have
3   carefully and thoroughly discussed every part of this agreement with
4   my client.  Further, I have fully advised my client of his rights, of
5   possible pretrial motions that might be filed, of possible defenses
6   that might be asserted either prior to or at trial, of the sentencing
7   factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing
8   Guidelines provisions, and of the consequences of entering into this
9   agreement.  To my knowledge: no promises, inducements, or
10  representations of any kind have been made to my client other than
11  those contained in this agreement; no one has threatened or forced my
12  client in any way to enter into this agreement; my client's decision
13  to enter into this agreement is an informed and voluntary one; and
14  the factual basis set forth in this agreement is sufficient to
15  support my client's entry of a guilty plea pursuant to this
16  agreement.

17                                                      5/16/22

18  DARREN M. RICHIE                          Date
    GRETCHEN GASPARI
19  Attorneys for Defendant ERIC SKYS
    (aka "ERIC A. FITZGERALD")
20

21

22

23

24

25

26

27

28